FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

11/19/09

U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

TASHANNYO ADENA MEDLEY

CASE NO.:   3:09-cr-369-J-32JRK
Ct. 1:      18 U.S.C. § 1343
Ct. 2:      18 U.S.C. § 1028A(a)(1) & 2
Ct. 3:      18 U.S.C. §1343
Forfeiture: 18 U.S.C. § 981(a)(1)(C) &
            28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. Introduction

At times material to this Indictment:

1. Jacksonville Area Legal Aid (hereinafter "JALA") was a non-profit 501(c)(3) corporation in Jacksonville, Florida, that provided civil legal assistance to low-income individuals.

2. TASHANNYO ADENA MEDLEY was an employee of JALA, and in that capacity had access to the personal identifying information of JALA clients.

#### B. The Scheme and Artifice to Defraud

1. It as part of the scheme and artifice to defraud that the defendant, TASHANNYO ADENA MEDLEY, obtained and used the personal identifiers of JALA clients, including names, social security numbers, dates of birth, and home addresses, to apply for online payday loans.

2. It as further a part of the scheme and artifice that the defendant, TASHANNYO ADENA MEDLEY, applied for payday advance loans in the names of JALA clients by using an internet connection at JALA.

### C. <u>Charge</u>

Between in or about November, 2008 and on or about February 5, 2009, at Jacksonville, Florida and elsewhere,

**TASHANNYO ADENA MEDLEY,**

defendant herein, did knowingly, willfully and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and did cause to be transmitted by means of wire, radio, and television in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing said scheme and artifice by submitting via the internet, applications for payday advance loans, using the personal information of other individuals without their knowledge or permission; in violation of Title 18, United States Code, Section 1343.

### <u>COUNT TWO</u>

Between in or about November, 2008 and continuing to on or about February 5, 2009, at Jacksonville, Florida and elsewhere,

**TASHANNYO ADENA MEDLEY,**

defendant herein, did knowingly possess and use, without lawful authority, means of identification of other persons during and in relation to the commission of the felony offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

### A. Introduction

At times material to this Indictment:

1. Education Finance Partners was a loan company with offices in San Francisco, California, and elsewhere, that specialized in providing new and consolidation student loans for higher education. Education Finance Partners filed for Chapter 7 bankruptcy protection in December 2008.

2. Pennsylvania Higher Education Assistance Agency/American Education Services (hereinafter "AES") was a company with offices in Harrisburg, Pennsylvania, that specialized in providing new and consolidation student loans for higher education.

3. CFS Suntech (hereinafter "CFS" Suntech), now Chase Student Loan Servicing, LLC, a subsidiary of JP Morgan Case & Co., had offices in Madison, Wisconsin, was a servicer of Federal Family Education Program student loans, and provided consolidation services for student loans.

### B. The Scheme and Artifice to Defraud

1. It as part of the scheme and artifice to defraud that the defendant, TASHANNYO ADENA MEDLEY, applied for and received multiple student loans from Education Finance Partners, AES, and CFS Suntech, via the internet.

2. It as further a part of the scheme and artifice that the defendant, TASHANNYO ADENA MEDLEY, used various different social security numbers when applying for multiple student loans.

3. It as further a part of the scheme and artifice that the defendant, TASHANNYO ADENA MEDLEY, falsely advised the lenders where she applied for online student loans that she was enrolled in, or planned to be enrolled in, various schools, including Jacksonville University, Florida College, the University of Miami, Long Island University, CUNY - Brooklyn College, and Florida Metropolitan University.

4. It as further a part of the scheme and artifice that the defendant, TASHANNYO ADENA MEDLEY, used the funds she received for student loans to purchase vehicles, furniture, and to pay for various expenses, instead of using all of the loan proceeds she received to pay for college tuition and related educational expenses.

## C. Charge

Between in or about September, 2006 and on or about February, 2007, at Jacksonville, Florida and elsewhere,

TASHANNYO ADENA MEDLEY,

defendant herein, did knowingly, willfully and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and did cause to be transmitted by means of wire, radio, and television in interstate and foreign commerce,

writings, signs, signals, pictures, and sounds, for the purpose of executing said scheme and artifice, by applying for student loans via the internet; in violation of Title 18, United States Code, Section 1343.

## FORFEITURES

1. The allegations contained in Count One and Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. From her engagement in the violations alleged in Count One and Count Three of this Indictment, punishable by imprisonment for more than one year, the defendant

### TASHANNYO ADENA MEDLEY

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

a. A sum of money equal to $221,735.54 in United States currency, representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1343 in Count One; and/or

b. A sum of money equal to $10,700.00 in United States currency representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1343 in Count Three.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _Kathleen O'Malley_
Kathleen O'Malley
Assistant United States Attorney

By: _____
Mac D. Heavener, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

TASHANNYO ADENA MEDLEY

## INDICTMENT

Violations:

Ct. 1:  18 U.S.C. § 1343
Ct. 2:  18 U.S.C. § 1028A(a)(1) & 2
Ct. 3:  18 U.S.C. § 1343

A true bill,

_____
Foreperson

Filed in open court this 19th day

of November, 2009.

_____
Clerk

Bail $

GPO 863 525